IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AUDREY MICKEY | ) | CASE NO. 1:10CV1350 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| GERALD T. MCFAUL, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Audrey Mickey filed this action under the United States Constitution and the Constitution of the State of Ohio against Defendants Gerald T. McFaul, Sheriff of Cuyahoga County, Ohio, D. Cleland, Detective with the Cuyahoga County Sheriff's Department, Judge Nancy Russo, Cuyahoga County Common Pleas Court Judge, Michael McGrath, Chief of the Cleveland Police Department and John Turoczy, a bail bondsman. She invokes numerous federal criminal and civil statutes, including 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (ECF 2).

Plaintiff's claim arises out of a search of her home and subsequent arrest that occurred on July 12, 2002. In addition to her contention that the search was illegal, she asserts claims for false arrest, kidnapping and assault and battery. During her trial, Defendants allegedly violated all court procedural rules and in addition committed treason. Judge Russo allegedly engaged in Defendant McFaul's scheme thereby forcing the Plaintiff to serve ten years of false imprisonment. An attachment to the Complaint shows that on December 18, 2003, the Ohio Court of Appeals, Eighth Appellate District, affirmed the trial court's dismissal of her criminal case because of an illegal search. *See State v. Mickey*, 2003 WL 22966889 (Ohio App., 8th Dist., Dec. 18, 2003).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Even if Plaintiff may have a cause of action under the Fourth Amendment or Due Process Clause of the Fourteenth Amendment, it is apparent on the face of the Complaint that the statute of limitations for bringing a § 1983 claim expired before Plaintiff filed this action. Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097 (6th Cir.1995). The conduct alleged in the complaint took place on July 12, 2002. This action was filed on June 17, 2010, beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002) ( "Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.")*; Fraley v. Ohio Gallia County,* 1998 WL 789385 * 1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); *Hunterson v. Disabato*,

2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan,* 2009 WL 872896 * 3 (E.D. Ky., Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*)*; Balch v. City of Warren*, 2008 WL 687079 * 1 ((N.D. Ohio, Mar. 10, 2008) (same).

The same two year statute of limitations applies to § 1981 and § 1985 cases. *See Kennedy v. City of Zanesville, Ohio*, 505 F. Supp.2d 456, 488 (S.D. Ohio 2007) (1981 actions are governed by a two year statute of limitations); *Sharpe v. City of Springfield*, 2010 WL 1258131 * 4 (S.D. Ohio, Feb. 23, 2101)(the applicable statute of limitations is two years for § 1985 cases brought in Ohio). 42 U.S.C. § 1986 which provides a cause of action for neglect to prevent violations of § 1985 contains a one year limitations period. Thus, Plaintiff's claims under §§ 1981, 1985 and 1986 are also filed late.

42 U.S.C. § 1981 provides a remedy for intentional racial discrimination in the making and enforcing of contracts regarding public and private actors. *Christian v. Wal-Mart Stores, Inc*, 252 F.3d 862, 867-68 (6th Cir. 2001). In order to establish a claim for racial discrimination under section 1981, a plaintiff must show that (1) she belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against her on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a). *Id.* at 871-72; *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006). Plaintiff has not alleged racial discrimination.

In order to state a claim under 42 U.S.C. § 1985(3) a plaintiff must prove: 1) a conspiracy involving two or more persons; 2) for the purpose of depriving, directly or indirectly, a person or

3

class of persons the equal protection of the law; and, 3) an act in furtherance of that conspiracy, 4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. *Smith v. Thornburg,* 136 F.3d 1070, 1090 (6th Cir.1998). The conspiracy must be motivated by racial or other class based animus. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268, (1993). Again, there is no allegation in the Complaint concerning race or other classed based discrimination.

Plaintiff's claims under the United States Criminal Code also must fail. A criminal statute does not provide a private cause of action. *Banks-Bey v. Acxiom*, 2010 WL 395221 * 3 (N.D. Ohio, Jan 27, 2010). Her claims for treason under 28 U.S.C. § 2381 and seditious conspiracy under 28 U.S.C. § 2384 are frivolous.

Judge Russo is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Russo acted outside the scope of her official duties. Judge Russo definitely acted within the scope of her official duties in presiding over Plaintiff's court case.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is

dismissed pursuant to 28 U.S.C. § 1951(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date:  8/13/10                                                   /s/ **Patricia A. Gaughan**
                                                            JUDGE PATRICIA A. GAUGHAN
                                                            UNITED STATES DISTRICT JUDGE